UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DRUMM,

    Plaintiff,

v.

CASE NO.
Honorable
Magistrate Judge

CITY OF THREE RIVERS,
THREE RIVERS POLICE DEPARTMENT,
SERGEANT MATT STARK, in his individual capacity,
OFFICER CORY ALAN CZAIKA, in his individual capacity,
OFFICER CHRIS GREEN, in his individual capacity,

    Defendants.

KEVIN M. THOMPSON (P84609)
**Ernst Charara & Lovell, PLC**
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
Fax: (313) 965-5555
k2@ecllawfirm.com

## COMPLAINT AND JURY REQUEST

Plaintiff Joshua Drumm, by and through counsel Ernst Charara & Lovell, PLC, states as follows for his Complaint against the above-named Defendants:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the 4th and 14th Amendments to the United States Constitution,

and under the statutes and common law of the State of Michigan against Defendants.

2. This lawsuit arises out of events occurring within St. Joseph County, Michigan in the Western District of Michigan.

3. Jurisdiction is proper pursuant to 28 USC §§ 1331 and 1343.

4. Venue is proper pursuant to 28 USC § 1391(b).

## PARTIES

5. Plaintiff Joshua Drumm is a 40-year-old man residing in Three Rivers, St. Joseph County, Michigan. Plaintiff is, and was at all times relevant hereto, a citizen of the United States and State of Michigan.

6. Defendant Sergeant Matt Stark was at all times relevant hereto a Three Rivers Police Officer and is being sued in his individual capacity.

7. Defendant Officer Cory Alan Czaika was at all times relevant hereto a Three Rivers Police Officer and is being sued in his individual capacity.

8. Defendant Officer Chris Green was at all times relevant hereto a Three Rivers Police Officer and is being sued in his individual capacity.

9. The above-named Three Rivers Police Officers, when referenced collectively, are hereinafter referred to as the "Defendant Officers."

10. Defendant Three Rivers is a municipality in the State of Michigan that includes certain departments, including but not limited to Defendant Three

Rivers Police Department. At all material times, Defendant Officers were employed by Defendant Three Rivers.

11. Defendant Three Rivers Police Department is a department within the municipality of Defendant Three Rivers. At all material times, Defendant Officers were employed by Defendant Three Rivers Police Department.

12. At all material times, each of the Defendants acted under color of laws, statutes, ordinances, policies, practice, customs, and usages of the State of Michigan, City of Three Rivers, County of St. Joseph.

13. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

14. On or about August 6, 2018, at approximately 3:15 AM, Plaintiff was out for a bicycle ride near his home located at 612 S. Hooker Ave, Three Rivers, MI 49093.

15. Plaintiff had lived in the 612 S. Hooker home with his wife, from whom he was now estranged. Plaintiff and his wife were not divorced, but Plaintiff had been staying overnight at a separate location from their marital home for some time.

16. When Plaintiff rode past his house, he saw his wife and her boyfriend sitting on the porch. His wife and boyfriend then went inside the home.

17. After realizing what he had seen, Plaintiff rode back to the home to speak to his wife.

18. However, when Plaintiff attempted to knock on the door and speak with her, she refused to let him inside his home.

19. Plaintiff was then confronted by his wife's boyfriend.

20. A physical altercation ensued between Plaintiff and his wife's boyfriend, and Plaintiff's wife called 911.

21. Some time later, the Defendant Officers arrived at Plaintiff's home—612 S. Hooker St. By this time, Plaintiff was outside the home, by himself, and was standing in the front porch entry door.

22. Immediately upon Defendant Officers' arrival, Plaintiff placed his hands in the air and further verbally submitted to the Officers' authority.

23. Plaintiff then calmly explained that there was a man in his bedroom with his wife.

24. One of the Defendant Officers' then ordered Plaintiff to put his hands behind his back.

25. An officer then yelled at Plaintiff, "Put your fucking hands behind your back."

26. Plaintiff immediately complied and placed his hands behind his back.

27. As one of the Defendant Officers went to place handcuffs on Plaintiff, whose hands remained behind his back during this entire exchange, a second officer discharged a taser directly into Plaintiff's back.

28. Plaintiff's hands remained behind his back.

29. A second taser was discharged into Plaintiff and he was then tackled to the ground.

30. At no point during this entire exchange did Plaintiff physically or otherwise resist arrest.

31. Plaintiff remained calm and complied with all of the Defendant Officers' orders.

32. Despite this, Defendant Officers brutally and unnecessarily discharged multiple tasers into Plaintiff and tackled him to the ground.

33. As a result of the Defendants' actions, Plaintiff suffered tremendous physical, psychological, and economic injuries, including but not limited to:

    a. Post-traumatic stress disorders;

    b. Damage to reputation and loss of economic opportunity;

    c. Physical pain and suffering;

    d. Bruising;

    e. Facial abrasions;

    f. Stress and anxiety;

    g. Pain and suffering;

    h. Aggravation, exacerbation, and acceleration of pre-existing injuries;

    i. Mental anguish;

    j. Fright and shock;

    k. Humiliation and discomfiture;

    l. Mortification and embarrassment;

    m. Emotional and psychological injuries;

    n. Loss of enjoyment of social pleasures;

    o. Medical bills and expenses;

    p. Attorney fees and costs; and

    q. Other injuries and damages to be discovered through the course of litigation.

34. In addition to compensatory damages, Plaintiff seeks punitive and exemplary damages to the full extent permitted by Michigan and Federal law.

35. Plaintiff also seeks an award of attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT I: EXCESSIVE FORCE AS TO ALL DEFENDANT OFFICERS

36. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by Defendant Officers.

38. The degree of force used by the Defendant Officers was objectively unreasonable and excessive in light of the circumstances.

39. Defendant Officers subjected Plaintiff to the use of excessive force by tasing him multiple times, placing him in handcuffs, tackling him to the ground, gripping him by the head and neck, piling on Plaintiff and causing him to be forcefully pressed into the ground and restricting his breathing, among other acts of excessive force to be discovered through the course of litigation.

40. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

41. Defendant Officers' conduct in using excessive force violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42. The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable police officer in the Defendants' position would have understood that the conduct violated said right.

43. Defendants are therefore not entitled to qualified immunity.

44. As a result of Defendant Officers' conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

## **COUNT II: MONELL CLAIM AS TO DEFENDANTS CITY OF THREE RIVERS AND THREE RIVERS POLICE DEPARTMENT**

45. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. All the time of Plaintiff's arrest, Defendant Three Rivers, through its police department, had a policy, practice, and/or custom of arresting citizens and subjecting them to unnecessary and excessive physical force without proper investigation.

47. This unconstitutional policy, practice, and/or custom, as well as others that may be discovered through the course of litigation, constituted a driving force behind the constitutional violations suffered by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

    Respectfully submitted,

    */s/ Kevin M. Thompson*
    Kevin M. Thompson (P84609)
    **Ernst Charara & Lovell, PLC**
    Attorneys for Plaintiff
    645 Griswold Street, Suite 4100
    Detroit, Michigan 48226
    (313) 965-5555

K2@ecllawfirm.com

Dated: June 23, 2021

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury in the above-captioned matter.

                                                  Respectfully submitted,

                                                  */s/ Kevin M. Thompson*
                                                  Kevin M. Thompson (P84609)
                                                  **Ernst Charara & Lovell, PLC**
                                                  Attorneys for Plaintiff
                                                  645 Griswold Street, Suite 4100
                                                  Detroit, Michigan 48226
                                                  (313) 965-5555
                                                  K2@ecllawfirm.com

June 23, 2021